UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raphael Perez-Leal, Civ. File No. 01-1577 (PAM/SRN)

Petitioner,

v. **MEMORANDUM AND ORDER**

Immigration and Naturalization Service, and Constance Reese, Warden, FMC-Rochester,

Respondents.

---

This matter is before the Court on Petitioner's objections to the Report and Recommendation ("R&R") of Magistrate Judge Susan Richard Nelson dated April 9, 2002. In the R&R, Magistrate Judge Nelson considered Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that his Fifth Amendment due process rights are being violated because of his ongoing INS detention.

Petitioner is currently detained by the INS at the Federal Medical Center in Rochester, Minnesota. He is a Cuban alien who entered the United States as part of the Mariel boatlift and was allowed into the country on "parole." See 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.12 (parole determinations and revocations respecting Mariel Cubans). Petitioner's parole has been revoked numerous times because of arrests for and convictions of serious crimes. After one such revocation, an Immigration Judge found Petitioner excludable and issued an exclusion order on October 1, 1992. The INS determined that Petitioner should be removed from the United States to Cuba; however, Cuba will not

FILED JUN 14 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JUN 14 2002
DEPUTY CLERK

repatriate him. Petitioner was re-paroled and again his parole was revoked on August 12, 2000, at which time the INS took him into custody. Petitioner has been continuously detained by the INS since that time.

The Magistrate Judge determined that Petitioner is an excludable alien. Accordingly, the Magistrate Judge found that Petitioner's constitutional right to due process is limited by the Supreme Court's decision in Shaughnessy v. Unites States ex rel. Mezei, 345 U.S. 206, 214-215 (1953), where the Court held that excludable aliens do not have constitutional protection from indefinite detention. In Mezei the Court stated that "whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." Id. at 212 (citations omitted). Because Petitioner has received regular reviews under the Cuban Review Plan set forth in 8 C.F.R. § 212.12, the most recent being on September 5, 2001, the Magistrate Judge determined that Petitioner has been receiving all the process that he is entitled to receive and recommended that Petitioner's § 2241 motion be denied.

The Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). Petitioner objects to the R&R on several grounds. First, Petitioner asserts that, pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), he cannot be detained indefinitely. Second, Petitioner argues that his case can be distinguished from Mezei because he was granted "parole" into the United States. Finally, Petitioner maintains that the Magistrate Judge erred by finding that his previous conviction for drug trafficking was an aggravated felony defined by 18 U.S.C. § 924(c). Essentially,

Petitioner's objections are reiterations of allegations made in his Petition for Writ of Habeas Corpus. Thus, the Magistrate Judge's well-reasoned explanation of the controlling law supports her recommendation.

Petitioner's first objection fails because his exclusion order was issued on October 1, 1992, well before the immigration laws were changed in 1996. The Magistrate Judge corrected determined that Petitioner is therefore an alien detained under 8 U.S.C. § 1226(e) rather than the newer 8 U.S.C. § 1231(a)(6). Accordingly, the Court's holding in Zadvydas that aliens detained pursuant to § 1231(a)(6) can not be held indefinitely is inapposite. Zadvydas is further distinguishable because the aliens in that case were resident aliens, not excludable aliens like Petitioner. Because the Court in Zadvydas indicated that Mezei remains good law, the Magistrate Judge appropriately found that the Zadvydas decision should be construed narrowly to apply to resident aliens but not to excludable aliens. See Zadvydas, 533 U.S. at 694 ("[W]e need not consider the aliens' claim that subsequent developments have undermined Mezei's legal authority.").

Petitioner's second objection fares no better. Petitioner argues that unlike the alien in Mezei, who was detained at Ellis Island and never admitted to the United States, he has been paroled into the United States and should therefore be granted due process under the Fifth Amendment. However, as the Magistrate Judge points out, "parole" is not admission to the United States. See Sierra v. INS, 258 F.3d 1213, 1218 (10th Cir. 2001) (stating that although a Mariel Cuban had been physically present in the United States for more than twenty years, he was considered legally detained at the boarder). The key distinction is

between deportable and excludable or inadmissable aliens: " [d]eportable aliens [have been] successful in gaining entry to the United States, legally or illegally; while an inadmissable alien seeks admission into the United States and even if physically present is considered detained at the border." Cabellero v. United States, 145 F. Supp. 2d 550, 554 (D.N.J. 2001). The indefinite detention of undeportable, excludable aliens is consistent with the Supreme Court's holdings in Zadvydas and Mezei.

Finally, as the Magistrate Judge correctly determined, Petitioner's 1990 conviction for the transportation and sale of narcotics/controlled substances is an "aggravated felony." 8 U.S.C § 1101(a)(43)(B) (defining as an aggravated felony the "illicit trafficking in a controlled substance (as defined in section 802 of Title21), including a drug trafficking crime"). The Magistrate Judge merely noted that Petitioner's crime was a "drug trafficking" crime, defined in 18 U.S.C. § 924(c)(2) as "any felony punishable under the Controlled Substances Act, The Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act."

Accordingly, the Magistrate Judge was correct in finding that Petitioner is an excludable alien under 8 U.S.C. § 1226(e), subject to indefinite detention. See Carrera-Valdez v. Perryman, 211 F.3d 1046, 1048 (7th Cir. 2000) (stating that § 1226(e) authorizes the indefinite detention of excludable aliens who have been convicted of aggravated felonies). Thus, Petitioner's due process rights are limited to annual reviews by the Cuban Review Panel as mandated by 8 C.F.R. § 212.12. Because Petitioner has been receiving

these reviews, his § 2241 Petition must be denied. The Court therefore **ADOPTS** the R&R of Magistrate Judge Nelson.

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Clerk Doc. No. 1) is **DENIED**.

Dated: June 13, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995